792 A.2d 405

IN THE MATTER OF SHIRLEY WATERS, A/K/A SHIRLEY
WATERS–CATO, AN ATTORNEY AT LAW.

March 11, 2002.

## ORDER

The Disciplinary Review Board having filed with the Court its
decision in DRB 00–224, concluding that **SHIRLEY WATERS,**
**a/k/a SHIRLEY WATERS–CATO,** of **EAST ORANGE,** who was
admitted to the bar of this State in 1977, and who has been
suspended from the practice of law since May 1, 1995, pursuant to
Orders of the Court filed April 5, 1995, October 5, 1995, October
22, 1997, and April 7, 1999, should be suspended from the practice
of law for a further period of six months for violating *Rule* 1:20–20
(failure to inform client of suspension and to advise client to seek
legal advice elsewhere), *RPC* 1.4(a) (failure to communicate), *RPC*
8.1(b) (failure to cooperate with disciplinary authorities), and *RPC*
8.4(c) (misrepresentation);

And the Disciplinary Review Board further having concluded
that prior to reinstatement to practice, respondent should be
required to demonstrate her fitness to practice law and complete
twelve hours of courses in professional responsibility, and that on
reinstatement, respondent should be required to practice under
supervision;

And respondent having been ordered to show cause why she
should not be disbarred or otherwise disciplined;

And good cause appearing;

It is ORDERED that **SHIRLEY WATERS, a/k/a SHIRLEY**
**WATERS–CATO,** is suspended from the practice of law for a
period of six months and until the further Order of the Court,
effective immediately; and it is further

ORDERED that prior to reinstatement to practice, respondent
shall complete twelve hours of courses in professional responsibili-

ty offered by the Institute for Continuing Legal Education or otherwise approved by the Office of Attorney Ethics and shall provide the Office of Attorney Ethics with proof of her satisfactory completion thereof; and it is further

ORDERED that prior to reinstatement to practice, respondent shall submit proof of her fitness to practice law as attested to by a mental health professional approved by the Office of Attorney Ethics; and it is further

ORDERED that on reinstatement to practice, respondent shall practice law under the supervision of a practicing attorney approved by the Office of Attorney Ethics and until the further Order of the Court; and it is further

ORDERED that respondent shall comply with the conditions set forth in the Orders of the Court filed on April 5, 1995, October 5, 1995, October 22, 1997, and April 7, 1999; and it is further

ORDERED that the entire record of this matter be made a permanent part of respondent's file as an attorney at law of this State; and it is further

ORDERED that respondent continue to be restrained and enjoined from practicing law during the period of suspension and that respondent continue to comply with *Rule* 1:20–20; and it is further

ORDERED that respondent reimburse the Disciplinary Oversight Committee for appropriate administrative costs incurred in the prosecution of this matter.